Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2714 | **DATE** | 10/31/2001 |
| **CASE TITLE** | David E. Corder vs. Larry G. Massanari | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Plaintiff's petition for an award of fees and costs [doc. # 16] is granted in the amount of $7,105.55, payable to plaintiff's attorney, Barry A. Schultz.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | NOV 0 1 2001 date docketed | 22 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 10/31/2001 | |
| JJK courtroom deputy's initials | | 01 OCT 31 PM 2 42 date mailed notice | |
| | | Date/time received in central Clerk's Office | JJK mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID E. CORDER, ) | |
| ) | |
| Plaintiff, ) | **DOCKETED** |
| ) No. 00 C 2714 | |
| ) Magistrate Judge Schenkier | NOV 0 1 2001 |
| v. ) | |
| ) | |
| LARRY G. MASSANARI, ) | |
| Commissioner of Social Security[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, David Corder, was denied social security benefits by an Administrative Law Judge ("ALJ"), and the Appeals Council denied review of the ALJ's decision. On May 3, 2001, this Court issued a Memorandum Opinion and Order ("Corder I") reversing the decision of the Commissioner and remanding the case for the ALJ to conduct further proceedings to make a Step 5 finding regarding the extent of Mr. Corder's exertional and non-exertional impairments, how any such impairments impact his ability to perform a "limited" range of light work, and what work is available given any such limitations that are found. Mr. Corder now seeks an award of reasonable attorney fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (doc. #16). For the reasons set forth below, the Court grants Mr. Corder's motion for an award of fees.

---

[1] Larry Massanari, Acting Commissioner of Social Security, is substituted as defendant pursuant to Fed.R.Civ.P. 25(d)1).

# I.

Under the EAJA, unless special circumstances make an award unjust, a court will award attorney's fees to a prevailing party other than the government if the position of the United States was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Commissioner's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The Seventh Circuit has explained that the substantial justification standard requires that the government show "that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citing *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987) (quoting *Donovan v. DialAmerica Mkting, Inc.*, 757 F.2d 1376, 1389 (3d Cir. 1985)).

Under the EAJA, the government bears the burden of proving that its position was substantially justified. *Hallmark Construction*, 200 F.3d at 1079; *see also Marcus*, 17 F.3d at 1036. In making a determination of substantial justification, a court may consider the government's litigation position as well as its prelitigation conduct. *Marcus*, 17 F.3d at 1036. EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position is not substantially justified. *Id.* However, the district court is to make only one determination for the entire civil action. *Id.* This global assessment comprehends that the district court will examine not simply whether the government was substantially justified at the beginning or end of the proceedings, but whether the government was substantially justified in continuing to push forward at each stage. *Hallmark Construction*, 200 F.3d at 1081.

## II.

Mr. Corder now seeks fees and costs under the EAJA, arguing that neither the prelitigation nor litigation positions of the Commissioner were substantially justified because the ALJ's findings were not supported by substantial evidence, had no reasonable basis in law, and had no logical connection to the facts (Pl.'s Mem. at 3-4). Conversely, the Commissioner argues that, although the Court remanded this case for further findings, substantial evidence in the record supported the Commissioner's final decision, and thus the government's prelitigation and litigation position before this Court on review was reasonable and therefore substantially justified (Def.'s Mem. at 4). In particular, the Commissioner argues that Mr. Corder blurs the distinction between the substantial evidence standard (for reviewing the merits of the Agency's decision) and the substantial justification standard (for determining an award of fees). In other words, the Commissioner's view is that just because the Court remanded the case based on the ALJ's failures to minimally articulate the basis for his findings does not mean that there was a lack of substantial justification for the government's position (Defs.' Mem. at 5-6).

The Court agrees that the failure of an ALJ to satisfy the minimal certification standard "in no way *necessitates* a finding that the [Commissioner's] position was not substantially justified." *Stein v. Sullivan*, 966 F.3d 317, 320 (7th Cir. 1992) (emphasis added). Recognizing that the level of articulation required by the ALJ may be "far from precise," *id.* at 319, the Court agrees with the proposition that where the question of the ALJ's failure to minimally articulate is a debatable one, a conclusion that the ALJ's decision falls on the wrong side of that line will not result in a finding that the Commissioner lacked substantial justification for his litigation position. But, that is not the case here. In the Court's view, the ALJ's decision here fell so far short of the minimal articulation mark that there was no reasonable way to discern whether the decision had an adequate factual basis.

3

For the reasons stated below, we find that the Commissioner has failed to meet his burden of showing substantial justification and fees will be awarded to the plaintiff.

A.

The ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision." *Reese v. Sullivan*, 925 F.2d 1395, 1397 (11th Cir. 1991). In the absence of such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational." *Id.* In other words, where a court cannot determine whether the government's position is grounded in a reasonable connection between the facts alleged and the legal theory advanced, *Hallmark Construction*, 200 F.3d at 1080, the court cannot determine whether the government's position is "justified to a degree that could satisfy a reasonable person." This is the standard advocated by the Commissioner (Defs.' Mem. at 3 (citing *Pierce v. Underwood*, 487 U.S. 552 (1988)). Accepting that standard, this Court concludes that the Commissioner's position was not substantially justified.

We reach this conclusion by relying on the well-established legal principle that if an ALJ's decision lacks an adequate factual basis – or by analogy does not allow a court to determine that it has an adequate factual basis – then the Commissioner's position in relying upon it cannot be substantially justified. *See Sutton v. Chater*, 944 F. Supp. 638, 643 (N.D. Ill. 1996) ("not having an adequate factual basis for a decision would be unreasonable and would render the decision not substantially justified"). In this case, the Court could not trace the connection between the facts in the record and the ALJ's conclusions, and that is why the Court remanded the case. The Court did not remand because it found a lack of substantial evidence to support the Commissioner's decision; to the contrary, the Court could not determine if there was substantial evidence to support it, because the ALJ failed to satisfy his minimum articulation requirements (Corder I, at 19-20, and n.7). Based

on the evidence cited in the ALJ's decision and the findings made therein, the Court found that it could not determine whether there was substantial evidence, or some factual basis, for the ALJ's conclusions. Thus, the ALJ's decision was not substantially justified, because it did not adequately articulate the factual basis for the non-disabled finding. *See Reese*, 925 F.2d at 1397-98; *Sutton*, 944 F. Supp. at 643.

The Commissioner argues that at each step in the process where this Court found that the ALJ failed to satisfy the minimum articulation requirements, there is a "reasonable" explanation based on the evidence to support the ALJ's decision. We disagree. In response, the Court will "not separately scrutinize each step in the process." *Hallmark Construction*, 200 F.3d at 1081. Instead, we will merely summarize the Commissioner's arguments and explain the basis for the Court's ruling.

**1.**

The Commissioner argues that the Court erred when it found that there were "no findings made by the ALJ with regard to [Mr. Corders's] exertional ability to sit, stand or walk (Corder I, at 19). The Commissioner points out that there was a report by a doctor dated July 1998 who examined Mr. Corder and concluded that his "abilities to sit, stand, and walk were unaffected by his impairments" (Defs.' Mem. at 7) (citing R. 15-16, 18, 384). The Commissioner then asserts that the ALJ "indicated that his RFC finding with respect to [Mr. Corder's] physical limitations was based on the July 1998 examination" (*Id.*, citing R. 18).

After another review of the ALJ's decision, the Court finds that the Commissioner's argument that the ALJ "based" his RFC finding regarding Mr. Corder's exertional limitations on the July 1998 report is a stretch – to say the least. At page 18 of the ALJ's decision, the ALJ only briefly refers to Ex. 46, and when he does so it is not in the context of a discussion regarding Mr.

Corder's ability to sit, stand and walk; it is cited to support the ALJ's conclusions regarding Mr. Corder's lifting, bending and carrying limitations. Exhibit 46 – the July 1998 report – is a big report containing many conclusions. It is not reasonable for an ALJ to expect a reviewing court – or the Commissioner, when litigating the case on review, to parse through every page in search of facts the ALJ did not discuss, which might provide substantial evidence for findings that the ALJ did not articulate. Although the July 1998 report does indicate that Mr. Corder's sitting, standing and walking capabilities have not been affected by his impairments, the ALJ did not make any specific findings regarding Mr. Corder's abilities to sit, stand or walk, nor did he offer any clues as to the factual basis he relied on for his light work finding.

Moreover, even though the Court recognizes that the July 1998 report may, in fact, provide substantial evidence for an exertional RFC light work finding, rendering that part of the Commissioner's litigation position "substantially justified," the exertional RFC is only half of the equation in this case; the other half is whether Mr. Corder's non-exertional impairments rendered him incapable of performing light work. *See Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996) (EAJA requires single substantial justification determination that "encompasses and accommodates the entire civil action"). This Court found evidence in the record to support non-exertional limitations, namely, the reports of Drs. Diamond and Gardner which the ALJ rejected without explanation. These two reports indicated that Mr. Corder has borderline intellectual functioning and a residual mental capacity to perform only simple work (Corder I, at 24). The ALJ's failure to address this evidence of non-exertional limitations was a critical defect in the ALJ's decision. As the Court pointed out, the ALJ may need to obtain "further evidence concerning the range of available work that Mr. Corder can perform" at Step 5 (Corder at 24). The Court found that "further evidence," such as the testimony of a vocational expert, may be necessary (even though vocational

expert testimony is not required), because Mr. Corder has non-exertional limitations (*i.e.*, borderline intellectual functioning) that may erode the base of limited light work that the ALJ found he could perform (Corder I, at 19-20). Because the evidence of Mr. Corder's non-exertional limitations may alter the ultimate conclusion on disability, the ALJ's failure to adequately address this evidence is a basis for finding lack of substantial justification. *See Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995) (Secretary was not substantially justified in defending the ALJ's failure to consider a report documenting the claimant's cognitive limitations); *Hubbard-Davis v. Apfel*, Case No. 95C 5556, 1998 WL 417595 (N.D. Ill. July 20, 1998) (government's position was not substantially justified where the ALJ did not adequately consider certain statements of psychologists and the vocational expert).

The Commissioner, nonetheless, argues that "the effect of [Mr. Corder's] borderline intellectual functioning on [his] ability to perform skilled work is immaterial," since "the ALJ relied on the grid" and "all jobs identified under the grid are unskilled" (Def. Mem. at 7-8). This argument is a *non-sequitur*. If there are significant non-exertional impairments, they would take this case out of exclusive reliance on the Grid, regardless of whether the issue is skilled, semi-skilled or unskilled work. The existence of such impairments requires the ALJ to find and use other "reliable evidence," such as the testimony of a vocational expert, to support the Step 5 RFC finding – regardless of what that finding turns out to be. In this case, the Court could not determine whether there was substantial evidence that Mr. Corder, in spite of the evidence of combined exertional and non-exertional limitations, could perform light work at any skilled or unskilled level. This inability to trace the factual basis for the ALJ's reasoning leaves the Commissioner's litigation position supporting the ALJ's decision without substantial justification.

**2.**

The Commissioner also argues that despite the failure to address the Gardner and Diamond opinions, the ALJ's decision is supported "in light of the record as a whole" (Def's. Mem. at 9). The Court disagreed with this view in its remand order, and we disagree now. The Court could not discern the factual basis for the ALJ's conclusion that Mr. Corder had the exertional ability to perform light work (Corder I, at 19). In particular, at Step 5 of the sequential evaluation, the ALJ did not minimally articulate the basis for his finding that Mr. Corder could sit *or* stand and walk for the requisite periods of time, despite evidence in the record indicating that he could not stand for long periods of time. As this Court previously stated, the ALJ's decision at Step 5 became "much too conclusory" and failed to meet the minimum articulation requirement (Corder I, at 18). *See also Reese v. Sullivan*, 925 F.2d 1395, 1397 (11th Cir. 1991) ("The Secretary cannot claim the position was substantially justified when he accepted the conclusory statement by the ALJ" that the claimant could still perform light work).

The ALJ offered no reasons for his credibility determinations in accepting the opinions of certain doctors and rejecting those of others (Corder I, at 21-22). By failing to resolve conflicts in the competing opinions, and disregarding the opinions of Drs. Diamond and Gardner with no analysis, the ALJ left his conclusions seeking a factual basis. *See Sutton*, 944 F. Supp. at 643 (ALJ's decision did not have a reasonable basis in law and fact where ALJ disregarded examining physicians' treatment notes supporting claim that applicant was unable to work); *Sesker v. Sullivan*, 779 F. Supp. 1042, 1045 (W.D. Mo. 1991) (government did not prove reasonableness of administrative proceedings where ALJ failed to set forth specific reasons supporting his determination that plaintiff's subjective complaints were not credible and failed to make credibility findings when discounting the testimony of plaintiff's mother). There may be one, but the ALJ does

not point us to it to satisfy his Step 5 burden and neither does the Commissioner in attempting to meet his separate burden of substantial justification. The insufficient explanation for rejecting these medical opinions, both by the ALJ and the Commissioner, ties into the questions the Court has regarding whether there is an adequate factual basis for the ALJ's Step 5 non-disabled, light work finding, given the evidence of significant non-exertional limitations that was never addressed by the ALJ. Given these questions, the Court finds that the Commissioner has failed to show substantial justification for the Commissioner's litigation position, and the plaintiff is, therefore, entitled to EAJA fees.

## CONCLUSION

For the foregoing reasons, plaintiff is entitled to attorney's fees pursuant to the provisions of the EAJA. The plaintiff's petition for an award of fees and costs (doc. #16) is therefore granted in the amount of $7,105.55,[2] payable to plaintiff's attorney, Barry A. Schultz.

ENTER:

SIDNEY J. SCHENKIER
United States Magistrate Judge

Dated: October 31, 2001

---

[2] The Court notes that the Commissioner's opposition to the petition does not include any specific arguments regarding the amount of fees and costs requested or the specific items listed on plaintiff's bill of costs (Pl.'s Ex. B). After review of Plaintiff's fee request (Pl.'s Mem. at 4-5), the Court finds the requested amount of $7,105.44 reasonable given 42.5 hours at an hourly rate ranging from $137.51 - $141.56 (over the course of this litigation) for lead counsel and 10 hours at $120.00 per hour for an associate's time. See Pl.'s Ex. B.

9